```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| LARRY C. HOLLIMAN, | : |
| | : |
|     Petitioner, | : |
| | :   PRISONER |
| V. | :   Case No. 3:06-CV-1431(RNC) |
| | : |
| WALTER FORD, | : |
| | : |
|     Respondent. | : |

## RULING AND ORDER

Petitioner, a Connecticut inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2254 challenging his underlying state court convictions on the basis of ineffective assistance of counsel. On February 2, 2007, the Court issued an order requiring petitioner to demonstrate that this action was filed within the one-year period provided by 28 U.S.C. § 2244(d). The order pointed out that the petition appears to have been filed nearly four years after the applicable one-year period expired. In response to the order, petitioner has filed a motion in which he asks that the untimeliness of his petition be excused on the grounds that he is not a lawyer, has not had access to an adequate law library, and did not know about the one-year limitation period. For the reasons that follow, petitioner's motion is denied and the petition is dismissed.

Petitioner's underlying state court convictions became final before the enactment of the one-year limitation on April 24, 1996. Accordingly, he was obliged to file his petition on or before April 24, 1997, unless the running of the one-year period was tolled by

the pendency of state post-conviction proceedings.  See 28 U.S.C. § 2244(d).

Petitioner states that he filed three state habeas petitions, the last of which was withdrawn on June 22, 2001.  Crediting petitioner's statement, I assume for purposes of this ruling that state habeas proceedings were pending from April 24, 1996 through June 22, 2001, such that the one-year limitation period commenced on June 23, 2001 and expired on June 23, 2002.

The record does not disclose the date petitioner mailed the present petition to the Clerk for filing.  For reasons stated in the order of February 2, 2007, however, the petition could not have been mailed earlier than June 22, 2006.  Petitioner does not contest this.  Accordingly, I conclude that petitioner missed the filing deadline by nearly four years.

Petitioner's response to the February 2 order, construed in a manner most favorable to him, raises the issue whether the alleged inadequacy of the law library where he is incarcerated provides a basis for treating the petition as timely because the inadequacy prevented him from filing the petition.  Under § 2244(d)(1)(B), a petition is timely if it is filed within one year of the removal of a state-imposed impediment that unconstitutionally prevented the filing of the petition.  An inadequate prison law library may constitute  such an impediment.  See Egerton v. Cockrell, 334 F.3d 433, 438-39 (5th Cir. 2003).  This does not help petitioner,

2

however, because the inadequacy at issue here, which allegedly continues to this date, obviously did not prevent petitioner from filing the petition earlier. Rather, as petitioner himself admits, he did not file the petition earlier because he was simply unaware of the filing deadline. Cf. Doe v. Menefee, 391 F.3d 147, 150 (2004)(alleged inadequacy of prison library did not justify equitable tolling of one-year limitation period because petitioner was not diligent).

Petitioner alleges no other fact or circumstance that could conceivably support a finding that the petition was filed in a timely manner. At most, his response can be construed to imply that his ineffective assistance claim is based on recently discovered evidence. But he points to no evidence that was not before the state court when it dismissed his first state habeas petition in 1993.

Accordingly, petitioner's motion for relief from the one-year limitation period is hereby denied and the petition is dismissed as untimely.

So ordered this 20th day of June 2007.

/s/
Robert N. Chatigny
United States District Judge